**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

DWIGHT STEVEN LAWLEY,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC and FIDELITY CO-
OPERATIVE BANK;

     Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DWIGHT STEVEN LAWLEY, (hereinafter "Plaintiff"), by and through his undersigned counsel, for his causes of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and FIDELITY CO-OPERATIVE BANK (hereinafter "Fidelity") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damage, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC, Trans Union LLC, and Experian Information Solutions, Inc. (hereinafter collectively the "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Shelby County in the State of Alabama. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309 and its registered agent is Corporation Service Company, located at 2 Sun Court, Ste 400, Peachtree Corners, GA 30092.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Fidelity is a corporation with its principal place of business in the State of Massachusetts located at 9 Leominster Connector, Leominster, MA 01453.

14.    Fidelity is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.    Fidelity furnished inaccurate information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

16.    On or about the end of December 2025, Plaintiff went to a Republic First Bank location to try and refinance his truck. While initially approved, the interest rate was so high he declined the offer and decided to go elsewhere.

17.    Shortly thereafter, on or about early January 2026, Plaintiff went to America's First Federal Credit Union ("AFFCU") to try and again refinance his truck. Plaintiff was shocked when AFFCU denied his refinance claiming his debt-to-income ratio was off.

18.    Plaintiff pulled his credit reports and was astonished to see that Equifax was showing he had a million-dollar mortgage through Fidelity.  Neither Trans Union nor Experian had the erroneous mortgage.

4

19.    Plaintiff is a maintenance supervisor located in Montevallo, Alabama and has lived in the same mobile home for over 30 years, Plaintiff does not have a million-dollar mortgage.

20.    Upon discovery Plaintiff reached out to Fidelity concerning the clearly false mortgage appearing on his report. Fidelity came back and informed Plaintiff via a written letter on January 22, 2026, that the issue is with Equifax as they have mixed him up with another person with a similar name and similar date of birth, but a totally different social security number. Fidelity confirmed in said letter that Plaintiff is not responsible for the loan and that Fidelity has instructed Equifax to delete the false information from his credit report.  Fidelity promised to notify Equifax of their mistake.

21.    On or about Early February, 2026, Plaintiff next submitted a dispute to Equifax online believing the issue would be fixed now that Fidelity had figured out what the error was, however Plaintiff was astonished when on February 16, 2026, Equifax responded had responded that it had verified the Fidelity account was accurate (Equifax Report #6020555441).

22.    More determined than ever to get Equifax to correct its obvious mistake, Plaintiff submitted a detailed dispute letter on March 23, 2026, to Equifax wherein he included images of his social security card and driver's license, as well

as confirmation of his phone number and email to prove his identity. Plaintiff informed Equifax its records were clearly wrong and included images of the false Fidelity mortgage, a copy of the denial he received due to his debt-to-income ratio being high, and also a copy of the letter from Fidelity clearly explaining the error and that Plaintiff is not responsible and the account should be deleted.

23.     Astonishingly, on February 26, 2026, Equifax responded again that it had verified the Fidelity account was accurate (Equifax Report #6054556512). Equifax willfully violated the FCRA when it failed to have policies and procedures to prevent mixing consumers and by failing to read and investigate Plaintiff's dispute.

24.     Upon information and belief, Equifax notified Fidelity of Plaintiff's dispute. However, Fidelity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.  Fidelity verified an account belonging to someone else, as belonging to Plaintiff despite having acknowledged previously Plaintiff was not responsible for the mortgage.

25.     Amazed at Equifax's failure to properly investigate and respond to his dispute, Plaintiff sent another detailed written dispute letter to Equifax on or about March 13, 2026 which contained images of his social security card and driver's

6

license, as well as confirmation of his phone number and email to prove his identity. Plaintiff informed Equifax its records were clearly wrong and included images of the false Fidelity mortgage, a copy of the denial he received due to his debt-to-income ratio being high, and also a copy of the letter from Fidelity clearly explaining the error and that Plaintiff is not responsible and the account should be deleted. Lastly, Plaintiff also included an FTC Identity Theft Report Affidavit (FTC Report # 198703217) concerning the false information appearing on his credit report.

26.    Against all conceivable logic, for a third time, Equifax came back on March 16, 2026, and verified that the Fidelity account was accurate (Equifax Report # 607564939).

27.    Upon information and belief, Equifax notified Fidelity of Plaintiff's dispute. However, Fidelity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

28.    Equifax failed to do any independent investigation into Plaintiff's disputes.

29.    Equifax never attempted to contact Plaintiff during the alleged investigation.

30.     Despite providing Equifax with all the relevant information needed to prove the fraudulent account did not belong to him, Equifax continued to report the disputed account. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

31.     As of the filing of this Complaint, Equifax continues to report negative information on Plaintiff's credit report regarding the fraudulent account in questions.

32.     If at any point, Equifax or Fidelity had done a proper and reasonable investigation, the results would have been different.

33.     As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Loss of the ability to benefit from lower interest rates;

v.    Apprehensiveness to apply for new credit due to the fear of rejection; and

vi.    Defamation as Defendants published inaccurate information to third party entities including FICO and other possible creditors, including but not limited to AFFCU on January 2, 2026 and Republic Finance on December 30, 2025 and December 31, 2025.

vii.    Plaintiff has FICO credit scores way above 700 with TransUnion and Experian but below 680 from Equifax.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

34.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

35.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

36.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

37.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

38.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

39.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DWIGHT STEVEN LAWLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

40.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

41.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

42.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

43.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

44.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

45.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DWIGHT STEVEN LAWLEY, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

46.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

47.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

48.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct

12

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

49.   Plaintiff provided Equifax with the information it needed to confirm that the Fidelity account clearly did not belong to him, nor was he responsible for it in anyway. Equifax ignored this information and failed to respond to Plaintiff's disputes.

50.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

51.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

52.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE Plaintiff, DWIGHT STEVEN LAWLEY, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

53.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

54.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

55.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

56.     Plaintiff provided Equifax with the information it needed to confirm that the Fidelity account clearly did not belong to him, nor was he responsible for it

14

in anyway. Equifax ignored this information and failed to respond to Plaintiff's disputes.

57.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

58.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

59.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE Plaintiff, DWIGHT STEVEN LAWLEY, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

15

**COUNT V**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, FIDELITY CO-OPERATIVE BANK (Negligent)**

60.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

61.    Fidelity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

62.    After receiving Plaintiff's disputes, Fidelity violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the Fidelity Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

63.    Plaintiff provided all the relevant information and documents necessary for Fidelity to have identified that the account in question did not belong to him and Fidelity, in a written letter, confirmed Plaintiff had no responsibility for the account and did not belong to him.

64.    Fidelity knowingly chose to follow procedures which did not review, confirm, or verify that the account in question was the result of fraud.

65.    Fidelity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

66.    As a direct result of this conduct, action, and/or inaction of Fidelity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

67.    The conduct, action, and inaction of Fidelity was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

68.    Plaintiff is entitled to recover costs and attorney's fees from Fidelity in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DWIGHT STEVEN LAWLEY, respectfully requests that this Court award actual damages against Defendant, FIDELITY, N.A., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, FIDELITY CO-OPERATIVE BANK (Willful)

69.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

70.     Fidelity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

71.     After receiving Plaintiff's disputes, Fidelity violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the Fidelity Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

72.     Plaintiff provided all the relevant information and documents necessary for Fidelity to have identified that the account in question did not belong to him and Fidelity, in a written letter, confirmed Plaintiff had no responsibility for the account and did not belong to him.

73.     Fidelity knowingly chose to follow procedures which did not review, confirm, or verify that the account in question was the result of fraud.

74. Fidelity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

75. As a direct result of this conduct, action, and/or inaction of Fidelity, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76. The conduct, action, and inaction of Fidelity was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

77. Plaintiff is entitled to recover costs and attorney's fees from Fidelity in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DWIGHT STEVEN LAWLEY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FIDELITY CO-OPERATIVE BANK, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DWIGHT STEVEN LAWLEY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, and FIDELITY CO-OPERATIVE BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of March, 2026.

Respectfully submitted,

*/s/Octavio Gomez*
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com

20

Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*